UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONICA MICHELE KOSMICKI,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-CV-0040-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Gary R. Penar represents Monica Michele Kosmicki (Plaintiff); Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits on October 31, 2012, alleging disability since October 1, 2010, due to degenerative disc disease, fibromyalgia, depression, arthritis, rectocele, high blood pressure, joint pain and diverticulitis. Tr. 143, 147. The application was denied initially and upon

reconsideration. Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on July 27, 2015, Tr. 30-67, and issued an unfavorable decision on August 5, 2015, Tr. 10-21. The Appeals Council denied Plaintiff's request for review on December 2, 2016. Tr. 1-4. The ALJ's August 2015 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 26, 2017. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on May 15, 1960, and was 50 years old on the alleged onset date, October 1, 2010. Tr. 143. Plaintiff obtained a GED in 1988 and completed vocational schooling to become a practical nurse. Tr. 60-61, 148. She has past relevant work as a licensed practical nurse. Tr. 40. Plaintiff indicated she stopped working in October of 2010 because her office wanted her to work more hours and she was not physically able to perform the work. Tr. 47. She stated she had subsequently looked into other types of work within the medical field, but had not discovered any jobs she believed she would be qualified for or be able to do. Tr. 59-60. She had not applied for any other positions. Tr. 60.

At the administrative hearing, Plaintiff testified she has constant low back pain and radicular pain in her legs five or six times a year. Tr. 41-43. She has had physical therapy, massage and chiropractic treatments, injections, a nerve block, and a Rhizotomy, but had not seen an orthopedist for her back pain. Tr. 43-46. Plaintiff stated the back pain persisted despite all of these treatments. Tr. 46. Plaintiff indicated she had difficulty lifting and could stand for only 10 to 15 minutes at a time before needing to switch positions. Tr. 49-50. She also testified she could only sit 45 minutes to an hour before needing to stand up and walk around. Tr. 61. Plaintiff described problems with her shoulders that inhibited her ability to reach, but stated she did not have difficulty using her hands. Tr. 50-51. A rheumatologist had recently diagnosed Plaintiff with fibromyalgia. Tr. 53. She

testified she has fatigue as a result of the fibromyalgia and needs to rest most of the day. Tr. 55-56.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of

entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On August 5, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date, October 1, 2010, through the date last insured, December 31, 2014. Tr. 12. At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, left hip pain, bilateral shoulder degeneration, fibromyalgia, and depression/dysthymia. Tr. 12. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 13.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work, but with the following limitations: she could only sit 45 minutes at a time and stand and/or walk 30 minutes at a time; she could not climb ladders, ropes, or scaffolds and could only occasionally perform other postural activities; she could only occasionally reach overhead on the right and could not reach overhead on the left; she could not have concentrated exposure to extreme cold, vibration, or hazards such as unprotected

heights and moving mechanical parts; she was limited to simple, routine and repetitive tasks and well learned detailed tasks; and she could have only superficial contact with the public. Tr. 15.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a licensed practical nurse. Tr. 19. At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of marker pricer, router and production assembler. Tr. 20-21. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 1, 2010, the alleged onset date, through the date last insured, December 31, 2014. Tr. 21.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) rejecting the medical expert's opinion that Plaintiff's impairments equaled Listing 1.04A; (2) improperly weighing the medical opinion evidence of record pertaining to Plaintiff's physical limitations; (3) discrediting Plaintiff's symptom testimony; (4) relying on an incomplete hypothetical at step five of the sequential evaluation process; and (5) finding Plaintiff had the RFC to perform certain jobs in conflict with the Dictionary of Occupational Titles (DOT).

## DISCUSSION

**A.    Dr. Beezy**

Plaintiff first contends the ALJ erred by rejecting the administrative hearing opinion of medical expert Reuben Beezy, M.D., that Plaintiff's low back impairment equaled Listing 1.04A. ECF No. 13 at 4-7.

Dr. Beezy testified as a medical expert at the July 2015 administrative hearing. Tr. 36-39. Dr. Beezy opined that Plaintiff's low back pain and left shoulder bursitis were severe impairments. Tr. 37. He further opined that Plaintiff's low back impairment equaled Listing 1.04A based on evidence of nerve root compression. Tr. 38. Dr. Beezy cited an MRI of the lumbar spine showing moderate bilateral neuroforaminal narrowing in L5-S1, Tr. 202-203, and an October 2013 MRI which verified bilateral neuroforaminal stenosis, Tr. 569-570. Tr. 38. He based his Listing opinion on the foregoing MRIs and Plaintiff's complaints of low back pain. Tr. 39. Despite the finding that Plaintiff's back impairment equaled Listing 1.04A, Dr. Beezy found that Plaintiff was limited to sedentary work with occasional postural and manipulative restrictions. Tr. 39.

The ALJ accorded little weight to Dr. Beezy's opinions because they were "speculative and internally inconsistent." Tr. 18. The ALJ specifically rejected the opinion that Plaintiff's back impairment equaled Listing 1.04A because it was "based solely on diagnostic imaging of the lumbar spine." Tr. 18. The ALJ further noted the finding was inconsistent with Dr. Beezy's acknowledgment that there was no clinical evidence of neurological deficits and subsequent testimony that Plaintiff was capable of performing sedentary work. Tr. 18.

First, Dr. Beezy did not base his Listing opinion *solely* on imaging as suggested by the ALJ. Tr. 18. It is clear from the record that the opinion was based on the MRI findings coupled with Plaintiff's low back pain complaints. Tr. 39. Second, the ALJ again mischaracterized the record by indicating Dr. Beezy acknowledged there was "no clinical evidence of neurological deficits." Tr. 18. Dr. Beezy merely stated he did not see "*significant* neuropathy or deficits." Tr. 39. Finally, the inconsistency noted by the ALJ regarding Dr. Beezy's opinion that Plaintiff's back pain was equivalent to Listing 1.04A and his subsequent assessment that Plaintiff was limited to sedentary work is not necessarily an inconsistency. For a disorder of the spine to equal Listing 1.04A, it must result in a

compromise of a nerve root or spinal cord with evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and positive straight-leg raising test. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. The fact that Dr. Beezy opined that Plaintiff was functionally limited to a restricted range of sedentary work, Tr. 39, is not completely inconsistent with his earlier opinion that Plaintiff's back pain was equivalent to Listing 1.04A.

Based on the foregoing, the Court concludes that the ALJ provided inadequate rationale for according little weight to the opinions of Dr. Beezy. The Court thus finds, consistent with Plaintiff's request, ECF No. 13 at 7, that a remand for an additional proceeding is necessary in order for the ALJ to seek clarification from Dr. Beezy.

**B.    Medical Evidence**

Plaintiff next contends the ALJ erred by failing to properly consider the opinions of naturopath Christopher Valley regarding Plaintiff's physical impairments and instead giving weight to reviewing state agency physician Norman Staley, M.D. ECF No. 13 at 7-13.

Naturopaths, like Mr. Valley, are considered "other sources." 20 C.F.R. §§ 404.1527(f), 416.927(f). As such, the ALJ may properly discount his opinions by providing germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ accorded "little weight" to Mr. Valley's opinion that Plaintiff could sit for 45 minutes; could stand for 10 minutes; could walk for 45 minutes; could lift occasionally less than 10 pounds, rarely 20 pounds and never 50 pounds; could never twist, stoop, or climb ladders; could occasionally crouch/squat; and was incapable of even low stress work. Tr. 18, 512-515. The ALJ gave Mr. Valley's opinion little weight because he was not an acceptable medical source. Tr. 18. The ALJ additionally noted Mr. Valley saw Plaintiff several months after the date

last insured and rendered his opinions after only two visits. Tr. 18. Finally, the ALJ indicated there was no support in the treatment notes for the limitations assessed by Mr. Valley. Tr. 18. Instead, the ALJ relied on the opinion of the state agency medical consultant, Dr. Staley, who determined that Plaintiff could perform light work with postural, manipulative, and environmental limitations. Tr. 18, 87-93. *See Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

Although Mr. Valley is not "an acceptable medical source," the opinion of a naturopath, an "other source," may still provide insight into the severity of an impairment and how it affects a claimant's ability to function. SSR 06-03p. Furthermore, while Mr. Valley saw Plaintiff several months after the date last insured, evidence from outside the relevant time period may still provide information relevant to a claimant's condition. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (holding that medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition). Moreover, Mr. Valley not only visited with Plaintiff on two occasions (of significance, Dr. Staley never visited or examined Plaintiff), he reviewed treatment notes and examined Plaintiff. Finally, contrary to the ALJ's determination, Mr. Valley's assessment is supported by treatment notes from Arthritis Northwest, Tr. 478-479, 493-494, 507. Consequently, the Court finds the ALJ failed to provide germane reasons for discounting Mr. Valley's opinions.

On remand, the ALJ shall reassess the opinions of Mr. Valley, as well as those of reviewing state agency physician Dr. Staley and all other medical evidence of record relevant to Plaintiff's claim for disability benefits.

**C.    Plaintiff's Subjective Complaints**

Plaintiff argues the ALJ also erred by failing to provide valid reasons for rejecting her subjective complaints. ECF No. 13 at 13-16. The Court agrees.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found that Plaintiff was only partially credible in this case. Tr. 18. The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. Tr. 17. The ALJ listed the following reasons to discount Plaintiff's credibility: (1) objective medical findings were not fully consistent with the degree of alleged impairment, (2) Plaintiff lacked an extensive treatment history, (3) Plaintiff did not apply for lighter work, (4) treatment notes showed that, with respect to her mental health, Plaintiff was stable on medication, and (5) Plaintiff described daily activities which were not limited to the extent one would expect given the complaints of disabling symptoms and limitations. Tr. 17-18.

The ALJ first found that the objective medical findings were not fully consistent with the degree of impairment alleged by Plaintiff. Tr. 27. A lack of supporting objective medical evidence is a factor which may be considered in evaluating a claimant's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991). Here, the ALJ did not articulate how Plaintiff's subjective complaints specifically conflicted with the objective medical findings of record. *See Lester*, 81 F.3d at 834. Moreover, as discussed above, the

medical evidence of record, including the opinions of Dr. Beezy, Mr. Valley and Dr. Staley, must be reevaluated on remand in this case. *See infra*. Accordingly, the reliability of certain objective medical evidence and a determination of Plaintiff's ultimate RFC is uncertain at this time.

The ALJ next mentions that Plaintiff did not have the kind of extensive treatment history expected for an individual with serious fibromyalgia and shoulder and back problems. Tr. 17. An "unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Here, there is no evidence Plaintiff failed to seek or follow medical advice or comply with recommended treatment. In fact, the ALJ specifically faults Plaintiff for not seeking treatment with a rheumatologist until after the date last insured, Tr. 17; However, Plaintiff asked for a referral in March 2012, but the rheumatologist declined to see her, Tr. 53, 245. The ALJ's rationale in this regard is unsupported.

Next, it is undisputed Plaintiff did not apply for lighter work positions after finding herself incapable of continuing to perform her work as a nurse. Tr. 17, 58-59. Plaintiff testified she did look at other jobs in her field, but that she was unable to find any positions she was physically capable of performing given her limitations. Tr. 59-60. This entirely consistent testimony provides no valid reason to discredit Plaintiff's subjective complaints.

The ALJ also cited Plaintiff's reported daily activities throughout the record as inconsistent with her testimony of disabling limitations. Tr. 17-18. The ALJ indicated Plaintiff was able to care for her hair, feed herself, do the dishes, prepare her meals, do light dusting, perform limited sweeping, pick up after her dog, occasionally walk with her husband or child, go outside, shop once every two weeks, read, and watch TV. Tr. 17-18. While it was not improper for the ALJ to consider Plaintiff's level of activity when assessing Plaintiff's credibility in this

case, the Ninth Circuit has held that one does not need to be "utterly incapacitated" to be disabled. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (finding "claimant's ability to engage in activities that were sporadic and punctuated with rest, such as housework, occasional weekend trips, and some exercise, do not support a finding that he can engage in regular work activities"). Plaintiff's reported daily activities are not necessarily inconsistent with her description of limitations, and there is no evidence of record which shows that Plaintiff was able to spend a substantial part of her day engaged in the performance of work related functions. The Court finds Plaintiff's hearing testimony does not conflict with the list of limited activities identified by the ALJ.

The ALJ additionally stated that "[w]ith respect to the claimant's mental problems, the treatment notes showed that the claimant was stable on medications." Tr. 17. An ALJ may rely on the effectiveness of treatment to find a plaintiff's testimony unpersuasive. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's mental symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by treatment cannot be considered disabling). Plaintiff does not contest this finding. ECF No. 13 at 13-16. Nevertheless, given the multitude of errors in the ALJ's credibility analysis noted above, the ALJ's adverse credibility finding will not be upheld by the ALJ's one uncontested finding regarding Plaintiff's mental health stability on medication.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). This Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). It is the role of the trier of fact, not this Court, to

resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. However, based on the foregoing, the Court concludes that the rationale provided by the ALJ for finding Plaintiff only partially credible is not supported by clear and convincing rationale. The Court thus concludes Plaintiff's subjective symptoms must also be reassessed on remand.

**D.     Step Five**

Plaintiff contends that the ALJ erred at step five of the sequential evaluation process by (1) relying on the vocational expert's testimony in response to a hypothetical that was not supported by the weight of the record evidence, and (2) failing to adequately explain the conflict between the available jobs listed by the vocational expert and the DOT's definition of those jobs. ECF No. 13 at 16-20.

As determined above, the ALJ erred by providing inadequate reasoning for according little weight to the opinions of Dr. Beezy, failing to provide germane reasons for discounting Mr. Valley's opinions, and providing insufficient rationale for finding Plaintiff only partially credible. *See supra*. Consequently, the ALJ's RFC determination is not supported by substantial record evidence in this case.

On remand, the ALJ shall reassess Plaintiff's RFC and obtain supplemental testimony from a vocational expert with respect to the new RFC determination. If necessary, the ALJ, with the assistance of the vocational expert, shall properly explain any deviation between identified jobs and the DOT definitions.

**CONCLUSION**

Plaintiff argues the ALJ's decision should be reversed and remanded for additional proceedings. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects.
///

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall elicit further testimony and seek clarification from Dr. Beezy regarding his opinion that Plaintiff's low back impairment equaled Listing 1.04A. The ALJ shall additionally reassess the opinions of Mr. Valley, as well as those of reviewing state agency physician Dr. Staley and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall also reevaluate Plaintiff's subjective complaints and formulate a new RFC determination. The ALJ shall obtain supplemental testimony from a vocational expert, if warranted, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED January 31, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13